UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:23-CR-2-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMES SAMUEL JONES, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court must consider the Recommended Disposition of United States Magistrate Judge Hanley A. Ingram, addressing whether Defendant James Samuel Jones is competent to stand trial under 18 U.S.C. § 4241. *See* DE 38 (Recommendation); DE 15 (Defendant's Motion); DE 37 (Minute Entry for Competency Hearing). In February of 2023, Defendant, through counsel, moved for an examination of his trial competency because of counsel's "strong concerns about the Defendant's ability to assist counsel and his rational and factual understanding of the charges against him." DE 15 at 2; *see also* Fed. R. Crim. P. 12.2. Judge Ingram granted the motion, DE 19 (Order), and Dr. Katherine E. Sunder, Psy. D., a Forensic Psychologist, and Margaret G. Carraway, M.A., a Predoctoral Psychology Intern, conducted a custodial evaluation. DE 32 (Sealed Psychiatric Report). The evaluators concluded that Jones is competent to stand trial. *See id.* at 16.

With Dr. Sunder's and Ms. Carraway's report available to the parties, Judge Ingram conducted a competency hearing. DE 37 (Minute Entry). Upon completing that hearing, Judge Ingram recommended that the Court find Jones competent to proceed, based on the psychiatric evaluation and Jones's and his counsel's representations at the hearing. DE 38 (Report and Recommendation) at 6. Both sides stipulated to Dr. Sunder's and Ms. Carraway's report, their

1

conclusions, and their qualifications. *Id.* at 1–2. The recommendation, filed on June 5, 2023, advised the parties that any objections must be filed within five (5) days of its entry. *Id.* at 7. This period has lapsed, and neither party has objected. Judge Ingram correctly stated the standard and questions presented, and he followed the proper procedures under § 4241.

This Court reviews *de novo* those portions of the Recommended Disposition, if any, to which a party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* Fed. R. Civ. P. 59; *United States v. White*, 874 F.3d 490, 495 (6ᵗʰ Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6ᵗʰ Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party that fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has assessed the full record and Judge Ingram's thorough recommendation. His recommendation relies significantly on the report prepared by Dr. Sunder and Ms. Carraway. *See* DE 38 at 3–6. That detailed report applied the *Dusky* and statutory standards faithfully, finding that "Mr. Jones does not currently have a mental disease or defect that would render him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." DE 32 at 16. The evaluators grounded their findings in use of recognized diagnostic tests; clinical services administered to Defendant by Carraway, utilizing Dialectical Behavioral Therapy evidence-based modules; personal interviews with Defendant, covering approximately 4.5 hours; an interview of Defendant's attorney, Mr. Rossman; review of background materials,

including prior medical and psychological evaluations; and independent staff observations of Defendant. *Id.* at 3. The report carefully walks through the factual and rational arms of *Dusky* and makes nuanced points on Jones's conditions, history, and status relative to the competency standard. The expert analysis stands alone in the record.

Ultimately, the evaluators determined that Jones suffers from "Posttraumatic Stress Disorder (by history)" and "Other Specified Depressive Disorder, Depressive episode with insufficient symptoms." DE 32 at 13. However, neither of these diagnoses qualifies, per the experts, as a "mental disease or defect that would render [Jones] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* at 16. The report concludes that "[a]t this time, it is the undersigned evaluators' opinion Mr. Jones' competency to stand trial will remain intact." *Id.*

In sum, to quote Judge Ingram, "[t]he Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence." DE 38 at 6. The defense, indeed, both sides, stipulated to the report and to its findings. *Id.* at 1–2, 3. Judge Ingram, who observed Jones in court and consulted Jones's counsel, perceived no contrary information. The lone supported conclusion under the statute is competency.

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 38) and **FINDS** Jones competent to face further proceedings in this matter, including trial.

This the 14th day of June, 2023.



Signed By:

*Robert E. Wier*

**United States District Judge**

3